IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenneth Boatwright,<br><br>Plaintiff,<br><br>vs.<br><br>Stainley Mitch,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.: 4:26-cv-2690-TMC-TER<br><br><br><br><br>REPORT AND RECOMMENDATION |

Kenneth Boatwright ("Plaintiff"), proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against Major Stainley Mitch ("Defendant"), an employee of the Darlington County Jail. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review the complaint and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the court strike the motion to proceed in forma pauperis and dismiss the case without prejudice.

I. Factual and Procedural Background

Plaintiff filed a complaint on July 2, 2026, alleging his Eighth and Fourteenth Amendment rights were violated because he failed to receive immediate medical attention after he was issued "worn out shower shoes" that caused him to slip and fall in the Darlington County Jail. (ECF No. 1). On July 30, 2026, the undersigned issued a proper form order advising Plaintiff of deficiencies in the complaint, application to proceed in district court without prepayment of fees and costs ("Form AO240"), and with documents required for issuance and service of process. (ECF No. 8). Plaintiff was permitted until August 20, 2026, to file an amended complaint, fully complete and sign Form AO240, and correctly complete and return a proposed summons and Form USM-285. *Id.* at 1–4. The order specified: "If Plaintiff does not bring this case into proper form within the

time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with a court order under Rule 41 of the Federal Rules of Civil Procedure." *Id.* at 1. It further warned: "If you fail to sign and return Form AO240, the court must strike your motion to proceed in forma pauperis in accordance with Fed. R. Civ. P. 11(a)."

The Clerk of Court mailed the order to Plaintiff at the address he provided in the complaint. (ECF No. 9.) The order was returned to the court on August 17, 2026, with the following notations: "No Forwarding Address for Inmate" and "Inmate Not At This Facility." (ECF No. 10). The deadline to respond to the proper form order has passed, and Plaintiff has not updated his address or otherwise communicated with the court.

II. Discussion

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. Proc. R. 41(b)." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Maryland Division of Correction*, 894 F. Supp. 226, 229 (D.Md.1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Industs., Inc.*, 783 F.2d 1175 (4th Cir.1986); *Zaczek v. Fauquier County, Va.*, 764 F. Supp. 1071, 1074 (E.D.Va.1991)).

The complaint form specifies: "I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case." (ECF No. 1 at 12). Plaintiff acknowledged this agreement by signing below the statement. *See id.*

Pursuant to Fed. R. Civ. P. 11(a), "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." (ECF No. 1 at 3). Although

Plaintiff partially completed Form AO240, which the court interprets as a motion for leave to proceed in forma pauperis, he did not sign the form. Because of his failure to provide the court with an updated address, he did not cure this deficiency within the period provided in the court's order.

Given the court's receipt of returned mail, the undersigned concludes that Plaintiff has not fulfilled his duty to advise the court of any changes in his address. Consequently, the court was unable to contact Plaintiff about deficiencies in his filings, including his need to sign and return Form AO240, and he was unable to address those deficiencies within the period permitted by the order. Plaintiff's actions subject his case to dismissal under Fed. R. Civ. Proc. R. 41(b).

III. Conclusion and Recommendation

Plaintiff's failure to notify the Clerk of his change of address indicates an intent not to prosecute this case and subjects it to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*). Therefore, the undersigned recommends the court dismiss the case without prejudice pursuant to Fed. R. Civ. P. 41(b). The undersigned further recommends the court strike Plaintiff's motion to proceed in forma pauperis in accordance with Fed. R. Civ. P. 11(a).

If Plaintiff notifies the court of his current address within the time set for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return the file to the undersigned for further action. If, however, Plaintiff fails to notify the court of his current address, the Clerk shall forward this Report and Recommendation to the district judge for disposition.

IT IS SO RECOMMENDED

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 2, 2026
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).