**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Kenneth Boatwright,<br><br>Plaintiff,<br><br>vs.<br><br>Stainley Mitch,<br><br>Defendant. | ) | Civil Action No. 4:26-cv-02690-TMC<br><br>**ORDER** |

Plaintiff Kenneth Boatwright, a state pretrial detainee proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). On his standard form complaint, Plaintiff agreed "to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case." (ECF No. 1 at 12).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge issued an order advising Plaintiff of deficiencies in the complaint, in his application to proceed in district court without prepayment of fees and costs, and in the documents required for issuance and service of process. (ECF No. 8). The order warned Plaintiff that if he "[did] not bring this case into proper form within the time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with a court order under Rule 41 of the Federal Rules of Civil Procedure." *Id*. at 1. The Clerk of Court mailed the order to Plaintiff at the address he provided in the complaint. (ECF No. 9). The order, however, was returned to the Court with the following notations: "No

Forwarding Address for Inmate" and "Inmate Not At This Facility." (ECF No. 10). Plaintiff has not updated his address or otherwise communicated with the court.

Now before the court is the magistrate judge's report and recommendation ("Report"), noting that because "Plaintiff has not fulfilled his duty to advise the court of any changes in his address . . . the court was unable to contact Plaintiff about deficiencies in his filings, including his need to sign and return Form AO240, and he was unable to address those deficiencies within the period permitted by the order." (ECF No. 14 at 3). The magistrate judge recommended the court dismiss the case without prejudice pursuant to Fed. R. Civ. P. 41(b). *Id.* The Report was mailed to Plaintiff's address of record with the court. (ECF No. 15). The Report, like the magistrate judge's proper form order, was returned to the Court with the notations: "No Forwarding Address for Inmate" and "Inmate Not At This Facility." (ECF No. 16). Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 14 at 5), but has not done so. The time for Plaintiff to object to the Report has expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as

reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, the court agrees with the findings and conclusions of the magistrate judge and finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report. Accordingly, the court **ADOPTS** the Report, (ECF No. 14), and incorporates it as if set forth fully herein. This action is hereby **DISMISSED** without prejudice. The motion for leave to proceed *in forma pauperis* (ECF No. 3) is **DENIED as moot**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Greenville, South Carolina
September 22, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.